```
                  UNITED STATES DISTRICT COURT
                   DISTRICT OF MASSACHUSETTS


REVEREND EUGENE SCHOFIELD,         )
                                   )
     Plaintiff,                    )   CIVIL ACTION NO.
                                   )   11-10253-DPW
 v.                                )
                                   )
WBRU RADIO STATION, DEE JAY        )
TERRENCE O., WBRU GENERAL MANAGER  )
RILEY POPE, THE NEW PROVIDENCE     )
HARMONIZERS, JOHN DOE I, JOHN DOE  )
II, JOHN DOE III, JOHN DOE IV,     )
JOHN DOE V, PROVIDENCE ASSEMBLY    )
OF GOD CHURCH                      )
                                   )
     Defendants.                   )
```

MEMORANDUM AND ORDER
September 24, 2012

The pro se Plaintiff in this case has filed two motions seeking relief from the manner in which he has chosen to pursue this litigation.  In "Plaintiff's Motion to Correct Courts [sic] Order to Deny Plaintiff's Motion for Entry of Default Against Defendants Riley Pope and the New Providence Harmonizers" (#29), he renews his effort to pursue default against the two remaining defendants despite the fact that he has not formally filed an adequate return of service.  In "Plaintiff's Motion to Revoke his Consent to Defendant Providence Assembly of God Church's Dismissal Stipulation Pursuant To Rule 41(a)(1)(A)(ii) for Failure to Pay Out Agreed Settlement" (#31), he seeks relief in

-1-

this court for a settlement agreement that he contends was breached.

As to the Motion to Correct, the Plaintiff attaches to his moving papers barely legible copies of Process Receipts and Returns for defendants Pope and the New Providence Harmonizers. The instructions on those documents show that the Plaintiff sought to make some sort of derivative service by directing as to each defendant that "[t]he defendant is associated with defendant Providence Assembly of God Church, who's [sic] address above is the same, leave service with the church or get defendants [sic] address from church agent." As near as can be made out, service was made on the pastor of the church and not on either of the named defendants. Putting to one side that return of service by attachment to a separate submission does not permit accurate recording of a proof of service, the attached returns do not demonstrate adequate service on either defendant. Under the circumstances, the Plaintiff's Motion to Correct will be denied and the Plaintiff is advised that this case will be dismissed unless he returns, on or before October 14, 2012, a legible proof of service together with a submission demonstrating that **effective** service of either or both the named defendants has been made. *See generally* D. Mass. Local Rule 4.1.

As to the Motion to Revoke, any breach of the terms of the underlying settlement agreement does not fall within the

jurisdiction of this court.[1]  Relief could only be obtained by a separate law suit on the agreement.  Given the amount in controversy (a $1,000.00 settlement), it is apparent such an action would not be within the diversity jurisdiction of this court.  Under the circumstances, the Motion to Revoke will be denied.

For the reasons set forth more fully above, the Plaintiff's motions docketed as #29 and #31 are hereby DENIED.

                                        */s/ Douglas P. Woodlock*
                                        DOUGLAS P. WOODLOCK
                                        UNITED STATES DISTRICT JUDGE

---

[1] I note that in its responsive "Objection to Plaintiff's Motion to Revoke Stipulation of Voluntary Dismissal," the Defendant Providence Assembly of God Church asserts that "the settlement check, which was returned for insufficient funds,[was replaced] by mailing to Plaintiff a cashier's check . . . " Plaintiff has not contested this subsequent development which would appear to remedy the alleged breach.